UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 22-80107-CR-CANNON

UNITED STATES OF AMERICA,

v.

SELWYN DAVID ROSENSTEIN

    Defendant**.**

_____/

## ORDER GRANTING MOTION FOR PROTECTIVE ORDER [ECF No. 21] AND ENTERING PROTECTIVE ORDER

This matter comes before the Court upon the Government's Unopposed Motion for Protective Order [ECF No. 21]. Pursuant to Fed. R. Crim. P. 16(d) and 18 U.S.C. § 3509, the United States of America ("the Government"), Defendant Selwyn David Rosenstein ("Defendant"), and defense counsel, hereby stipulate to the following. The Court therefore **GRANTS** the Motion [ECF No. 21] and orders as follows:

1. This Protective Order governs discovery material produced by the government in discovery as "PROTECTED DISCOVERY MATERIAL," including the written material and any information contained therein, items provided in response to the standing discovery order, all future discovery filings, and copies of any material extracted from digital devices and provided from electronic service providers produced by the government in discovery.

2. The United States will make available copies of PROTECTED DISCOVERY MATERIAL to defense counsel to comply with the government's discovery obligations. Possession of copies of PROTECTED DISCOVERY MATERIAL is limited to the attorneys of record and investigators, paralegals, law clerks, experts and assistants for the attorney of record

(herein collectively referred to as members of the defense team). The defense team and any other individual who receives PROTECTED DISCOVERY MATERIAL shall maintain such material in a secure manner designed to prevent disclosure to or access by anyone not permitted to receive it under the terms of this Protective Order. This Order shall be binding on any subsequent attorney of record and subsequent defense team unless expressly modified by the Court.

3. PROTECTED DISCOVERY MATERIAL may be used for this case only (including the preparation of pretrial, trial, and appellate defenses and strategies) and may not be used for any other purpose. The attorneys of record and members of the defense team may display and review PROTECTED DISCOVERY MATERIAL with the Defendant and any potential trial or motion witnesses solely for the purpose of preparing the defense in this case. PROTECTED DISCOVERY MATERIAL, and the information contained within such material, may not be produced, provided, shown, or conveyed in any manner to anyone not working on this case under the direction of the attorneys of record except as expressly set forth in this Order. The attorneys of record and defense team and members of the defense team acknowledge that providing copies of PROTECTED DISCOVERY MATERIAL to the Defendant and other persons is prohibited except under the conditions outlined below in paragraphs 4 and 5, and agree not to duplicate or provide copies of PROTECTED DISCOVERY MATERIAL to other persons.

4. The Defendant's attorneys of record are required to provide a copy of this Protective Order to any individual outside the office of Salnick & Fuchs, P.A. (or any subsequent counsel of record) who is permitted to receive PROTECTED DISCOVERY MATERIAL under its terms. Such individual must agree in writing to be bound by the terms of this Protective Order before receiving PROTECTED DISCOVERY MATERIAL or any information contained in such material. The defense team shall maintain a list of all individuals who have agreed in writing to be bound by the terms of this Protective Order.

5. The defendant shall view the material responsive to the Standing Discovery Order only as necessary for counsel to prepare the case, and only in the presence of defense counsel or a member of the defense team.

6. Nothing in this order should be construed as imposing any discovery obligations on the government or the defendant that are different from those imposed by case law and/or Rule 16 of the Federal Rules of Criminal Procedure, and the Local Criminal Rules.

7. Any PROTECTED DISCOVERY MATERIAL that is filed with the Court in connection with pre-trial motions, trial, sentencing, or other matter before this Court, shall be filed under seal and shall remain sealed until otherwise ordered by this Court. This does not entitle either party to seal their filings as a matter of course. The parties are required to comply in all respects with the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

8. The Defendant shall not, in any public filing with the Court or any other public document, refer to (1) any identifying information concerning the website alleged to be at issue in this case, including the name and URL or URLs of that website, (2) the username or usernames Defendant or any other individual allegedly used on the website, (3) the text of any specific posts or pages on that website, or (4) any details about the manner in which the United States allegedly identified the Defendant or any other person as being involved with the website, including the sources of any information concerning the defendant or any law enforcement techniques allegedly used for such identification. The Defendant may publicly file documents that use anonymous placeholders to refer to this information, such as the "Subject Website" or the "Subject Username," so long as those placeholders do not disclose or refer to the information set out in this paragraph.

9. Under 18 U.S.C. § 3509(m), any contraband or evidence that it is intermingled with contraband may be reviewed by members of the defense team only at a government facility and

by appointment. If Defendant's attorneys of record or any member of the defense team believe that such material is not being made reasonably available to the defense team, they shall (1) promptly notify counsel for the government in writing, (2) specify in detail the grounds for their belief that the material is not being made reasonably available, and (3) specify in detail the conditions under which they believe such material would be made reasonably available.

10. Under 18 U.S.C. §§ 3509(d) and 403, information directly or indirectly identifying a child victim must be kept secure and may not be disclosed to anyone except as necessary to prepare a defense in this case.

11. The provisions of this Order shall not terminate at the conclusion of this prosecution.

12. Any violation of any term or condition of this Order by the Defendant, the Defendant's attorney(s) of record, any member of the defense team, may be held in contempt of court, and/or may be subject to monetary or other sanctions as deemed appropriate by this Court.

13. Any PROTECTED DISCOVERY MATERIAL provided pursuant to this Order shall be returned to the United States Attorney's Office, including all copies, within ten days of the completion of this case before the Court, or, if an appeal is taken, within ten days of the completion of the case in the United States Court of Appeals for the Eleventh Circuit or Supreme Court of the United States.

14. If the Defendant violates any term or condition of this Order, the United States reserves its right to seek a sentencing enhancement for obstruction of justice, or to file any criminal charges relating to the Defendant's violation.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 9th day of August 2022.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**