UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-80107-CR-CANNON

UNITED STATES OF AMERICA,

vs.

SELWYN DAVID ROSENSTEIN,

    Defendant.
_____/

## DEFENSE OBJECTION TO PRESENTENCE INVESTIGATION REPORT

COMES NOW the Defendant, Selwyn David Rosenstein, by and through his undersigned counsel, and files these factual and legal objections to the Presentence Investigation Report. These objections are timely filed and are as follows:

## LEGAL OBJECTIONS

**Page 18 – Paragraph 55:**

The Defense objects to the 5 level enhancement pursuant to Section 2G2.2(b)(3)(B) distribution in exchange for valuable consideration. Though the concept of valuable consideration is broad and includes swaps, barters, in kind transactions or any valuable consideration. United States v. Brown, 333 F.3d 850 (7th Cir. 2003), the Defendant received no benefit, no valuable consideration for his participation in helping the website or most specifically the distribution of the logs as referenced in Counts 3-7.

The Defendant's involvement in the website was based on his previous misguided notion of freedom. As stated in the Presentence Investigation Report, paragraph 33(K), Page 13:

USA vs. Rosenstein, Selwyn David
Case No.  22-80107-CR-CANNON

"He believed websites like website A are a matter of "freedom" and are essential for people to express themselves, and he does not believe that exchanging child pornography is harmful because the harmful acts have already taken place.  He stated that he moved from South Africa to the United States for "freedom" and then again from California to Florida for the same reason."

The Defendant now realizes that a child is victimized upon the sharing and viewing of child pornography and will share these feelings with the Court at the time of sentencing. The Defendant's involvement in the website was generated by his misbelief of freedom and not in exchange for any valuable consideration.  As the Defendant failed to receive anything of value, any enhancement under Section 2G2.2(b)(3)(B) is improper.

**Page 19 – Paragraph 60:**

The Defense objects to the Four Point enhancement applied pursuant to Section 3B1.1(a), when a defendant is an organizer, leader, manager or supervisor.

In order for the Four Level enhancement to apply, there must be evidence that the defendant occupied one of the four specified roles:  an organizer, leader, manager or supervisor. To be "a leader" the defendant must control others United States v. Brown, 298 F. 3d 120 (1st Cir. 2002) and to satisfy being an "organizer" one must coordinate others to facilitate the commission of the criminal activity.  United States v. Picanso, 333 F. 3d 21 (1st Cir. 2003). Similarly, to justify the Four Level enhancement under "manager" or "supervisor" a defendant must direct the activities of others.  United States v. Cortes-Caban, 691 F. 3d 1 (1st Cir. 2012).

The Defendant in this case was never an organizer, leader, manager or supervisor.  The Defendant never controlled or coordinated others or directed the activities of others.  The Defendant was a technical individual as it relates to computers.  His posts onto the website

2

USA vs. Rosenstein, Selwyn David
Case No. 22-80107-CR-CANNON

regarding rules or advice was at the direction of others. The Defendant merely implemented what he was asked to do by others based on his technical skills on the computer. Access into the staff lounge on the website does not make him a leader or organizer and does not justify the Four Level enhancement. Nor does the resetting of passwords, congratulating staff members or wishing fellow staff members well on holidays.

As it relates to the numerous logs the Defendant posted, with descriptive terms, as outlined in Counts 3-7, none of that activity justifies the Four Level enhancement. The Defendant would simply organize and sort, by user names, previously posted items by the users of the website. Those lists would be forwarded to the moderators of the website. The moderators would then decide by the number of posts made, which users of the website could be promoted. The Defendant had no control as to who was or wasn't promoted.

References in the Pre-Sentence Investigation Report Paragraph 33 (1), the Defendant explains" … the "log" or "note" …as "statistics", and he compile and distributed the "statistics" to assist fellow website A Staff Members in deciding who to "promote". The Defendant "…updated, and distributed the "statistics" every two or three days.

In its simplest terms, the website had inventory of electronic data in which the users of the website were able to access. The Defendant kept the owners of the website aware of their inventory and who contributed to the inventory. This does not warrant any enhancement as a leader, organizer, manager or supervisor.

**Page 18 – Paragraph 57:**

The Defense objects to the 2 level enhancement pursuant to Section 2G2.2(b)(6) -- use of a computer. The Defense is well aware of the straight forward language of Section 2G2.2(b)(6) and its apparent applicability to this case. In light of the history of how child pornography was

3

USA vs. Rosenstein, Selwyn David
Case No. 22-80107-CR-CANNON

collected and/or shared (U.S. mail), the Defense submits that Section 2G2.2(b)(6) and the 2 level enhancement should not apply where the majority of transfers and sharing all occur in today's world via an electronic device and click of a button. Similarly, in paragraph 54 on page 18, the Defendant would also object to an additional two points for pre-pubescent minors. It is the same click of the same button as referenced in paragraph 57 and is clearly a case of duplicate counting.

## FACTUAL OBJECTIONS

**Page 14 – Paragraph 34:**

The probation officer mischaracterizes the Defendant when writing that the Defendant was very reluctant to allow them to use his personal account for investigative purposes. The Defendant was more than cooperative as indicted in the transcript of the statement he gave to agents that night.

**Page 26 – Paragraph 99:**

The probation officer is aware that Mr. Rosenstein's company is a corporation. It is a separate legal entity with its own tax identification number. It is not an asset of Mr. Rosenstein's. The $9,307.00 referenced in this paragraph belongs to the corporation.

**Page 26 – Paragraph 100:**

There is a reference to a stock account at Athone. This stock is actually at a company called Trading Direct not at
Athone.

**Page 27 – Paragraph 104:**

The Defendant's ex-wife paid $500,000.00 and the Defendant paid $400,000.00.

4

USA vs. Rosenstein, Selwyn David
Case No.  22-80107-CR-CANNON

**Page 28 – Paragraph 105:**

The home is being rented for $2,600.00 a month.  The ex-Mrs. Rosenstein explained to the probation officer that there are expenses for property management fees of $260.00 a month, landscaping $100.00 a month, property taxes $550.00 a month and insurance of $490.00 a month.  There will also have to be IRS taxes paid on the income generated, as well as repairs.  The point is that there isn't a net amount of $2,600.00 a month.

**Page 29 – Paragraph 110:**

In the last two lines the probation officer says that the assessment under AVAA is not recommended, yet on page 30, in paragraph 121, it appears the assessment is documented and recommended.  This appears to need some clarification as this seems to be a contradiction.

**Page 28 – Paragraph 107:**

There is reference in this paragraph that was simply written down incorrectly.  The probation officer writes – "the Defendant owes her (ex-wife) approximately $40,000.00 due to expenses incurred because of his arrest, as well as legal fees and other incidental expenses."

These funds are not for house repairs or an expense incurred because of the Defendant's arrest.  When the Defendant's home was raided at the time of his arrest, substantial damage was done to their home.  Both the undersigned and the Defendant's ex-wife have been in touch with a paralegal at the FBI for reimbursement from the government for substantial damage to the residence.  These funds are for federal and state taxes due on four years of the Defendant's personal tax returns, in addition to fees payable to accountants, in addition to legal fees for civil counsel and an expert hired by the Defense.  The amount owed by the Defendant to his ex-wife is at the low end.

USA vs. Rosenstein, Selwyn David
Case No.  22-80107-CR-CANNON

WHEREFORE, the undersigned counsel on behalf of the Defendant files these legal and factual objections to the Presentence Investigation Report.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished, via ECM Filing to Kyle P. Reynolds and Gregory Schiller, Assistant United States Attorneys, 500 S. Australian Avenue, Suite 400, West Palm Beach, FL 33401, and to Frances Weisberg, U.S. Probation Officer, Flagler Center Building, 501 S. Flagler Drive, Suite 400, West Palm Beach, FL 33401, this 18th day of November, 2022.

Respectfully submitted,

LAW OFFICES OF SALNICK & FUCHS, P.A.
1645 Palm Beach Lakes Boulevard
10th Floor, Suite 1000
West Palm Beach, Florida 33401-5014
Telephone: (561) 471-1000
Facsimile:  (561) 659-0793


*/s/Michael Salnick*_____
MICHAEL SALNICK, Fla. Bar #270962