UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 22-80107-CR-CANNON

**UNITED STATES OF AMERICA,**

    Plaintiff,

vs.

**SELWYN DAVID ROSENSTEIN,**

    Defendant.
_____/

### ORDER GRANTING AGREED MOTION FOR RESTITUTION [ECF No. 53] AND ADOPTING JOINT STIPULATION REGARDING RESTITUTION

**THIS CAUSE** is before the Court upon the parties' Joint Stipulation Regarding Restitution [ECF No. 53]. Pursuant to the Mandatory Restitution for Sex Crimes section of the Violence Against Women Act of 1994 ("VAWA"), codified at 18 U.S.C. § 2259, and based on the stipulations of the parties, the Court finds that victim "Angela" of the "Angela" series, victim "Cara" of the "MotorCouch1" series, victim "Chelsea" of the "2CrazyGirls" series, victim "Emily of the "Tightsngold" series, victim "Henley" of the "BluePillow1" series, victim "Jenny" of the "Jenny" series, victim "Lily" of the "Vicky" series, victim "Maureen" of the "Lighthouse1" series, victim "Moca" of the "Moca" series, victim "Pia" of the "Sweet White Sugar" series, victim "Sarah" of the "Marineland1" series, and victim "Sierra" of the "Jan_Socks1" series (hereinafter "the Victims"), are each victims harmed by Defendant's offense conduct in this case. The Court orders that Defendant, Selwyn David Rosenstein, be held liable for restitution to the Victims, based on the stipulations of the parties.

The Court further orders that Defendant pay an apportioned amount of restitution in the

following amounts:

1) $5,000 for victim "Angela" of the "Angela" series.
2) $7,500 for victim "Cara" of the "MotorCouch1" series.
3) $7,500 for victim "Chelsea" of the "2CrazyGirls" series.
4) $5,000 for victim "Emily" of the "Tightsngold" series.
5) $10,000 for victim "Henley" of the "BluePillow1" series.
6) $10,000 for victim "Jenny" of the "Jenny" series.
7) $7,500 for victim "Lily" of the "Vicky" series.
8) $5,000 for victim "Maureen" of the "Lighthouse1" series.
9) $3,000 for victim "Moca" of the "Moca" series.
10) $7,500 for victim "Pia" of the "Sweet White Sugar" series.
11) $7,500 for victim "Sarah" of the "Marineland1" series.
12) $5,000 for victim "Sierra" of the "Jan_Socks1" series.

In support of its order, the Court finds as follows:

1. The mandatory restitution section of VAWA requires the Court to impose restitution for any offense under Chapter 110.

2. The offenses for which the Defendant was convicted, namely possession of material containing visual depictions of sexual exploitation of minors, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2); is an offense codified in Chapter 110 that is subject to the Mandatory Restitution for Sex Crimes section of VAWA, under 18 U.S.C. § 2259.

3. Furthermore, 18 U.S.C. § 2259(c) defines a "victim" as an individual "harmed as a result of a commission of a crime" under Chapter 110. Restitution, pursuant to 18 U.S.C. § 2259(c), is available to victims who are harmed as a proximate result of a Chapter 110 offense.

4. Defendants convicted of Chapter 110 offenses must compensate for the full amount of the victim's losses, including:

    (A) Medical services relating to physical, psychiatric, or psychological care;
    (B) physical and occupational therapy or rehabilitation;
    (C) necessary transportation, temporary housing, and child-care expenses;
    (D) lost income;
    (E) reasonable attorneys' fees, as well as other costs incurred; and

   (F) any other relevant losses incurred by the victim.

18 U.S.C. § 2259(c)(2).

5. Title 18 U.S.C. § 3664(h), which is incorporated by 18 U.S.C. § 2259(b), allows the Court to apportion liability among defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant.

6. There is no dispute that Defendant possessed and received images of child pornography that depicted the Victims being sexually abused.

7. There is no dispute that harm was caused to the Victims by persons who possess, disseminate, or share the images of the Victims being sexually abused as children. Specifically, the Court finds that the Victims' knowledge that images of their abuse were being disseminated and possessed by others caused the Victims to be re-victimized; this has resulted in harm that is distinct from that suffered from the actual physical sexual abuse the Victims sustained as children. Accordingly, the Court finds that the Victims were harmed as a result of the criminal conduct engaged in by the defendant.

8. There is no dispute that other individuals have been charged and convicted in multiple districts with possessing, receiving, and/or disseminating child pornography involving the Victims.

9. There is no dispute that the amounts of restitution recited herein reflect the respective victims' losses as proximately caused by the defendant.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

The Defendant, Selwyn David Rosenstein, is liable for a portion of that total loss caused to the Victims in this case.

The Defendant, Selwyn David Rosenstein, is liable for restitution in the following amounts:

1. $5,000 for victim "Angela" of the "Angela" series, made payable to her counsel, "Restore the Child Trust for Angela" at the following address:
   > Restore the Child, PLLC
   > 2252 N. Proctor St., Suite 85
   > Tacoma, WA 98406

2. $7,500 for victim "Cara" of the "MotorCouch1" series, made payable to her counsel, "Carol L. Hepburn I/T/F Cara" at the following address:
   > Carol L. Hepburn I/T/F Cara
   > P.O. Box 17718
   > Seattle, WA 98127

3. $7,500 for victim "Chelsea" of the "2CrazyGirls" series, made payable to her counsel "Restore the Child Trust for Chelsea" at the following address:
   > Restore the Child, PLLC
   > 2252 N. Proctor St., Suite 85
   > Tacoma, WA 98406

4. $5,000 for victim "Emily" of the "Tightsngold" series, made payable to her counsel "Tanya Hankins in Trust for Emily" at the following address:
   > The Law Office of Eric Auer
   > P.O. Box 1091
   > Tacoma, WA 98401

5. $10,000 for victim "Henley" of the "BluePillow1" series, made payable to her counsel "Deborah A. Bianco, in trust for Henley" at the following address:
   > Attorney Deborah A. Bianco
   > P.O. Box 6503
   > Bellevue, WA 98008

6. $10,000 for victim "Jenny" of the "Jenny" series, made payable to her counsel "Marsh Law Firm PLLC, in trust for Jenny" at the following address:
   > Marsh Law Firm PLLC Attn: Jenny
   > P.O. Box 4668 #65135
   > New York, NY 10163-4668

7. $7,500 for victim "Lily" of the "Vicky" series, made payable to her counsel, "Carol L. Hepburn I/T/F Lily" at the following address:
   > Carol L. Hepburn I/T/F Lily
   > P.O. Box 17718
   > Seattle, WA 98127

8. $5,000 for victim "Maureen" of the "Lighthouse1" series, made payable to her counsel, "Deborah A. Bianco, in trust for Maureen" at the following address:
   Attorney Deborah A. Bianco
   P.O. Box 6503
   Bellevue, WA 98008

9. $3,000 for victim "Moca" of the "Moca" series, made payable to her counsel, "Jones Day in trust for Moca Series" at the following address:
   Jones Day  Attn: Kaela Palmiter
   1221 Peachtree St. N.E. Suite 400
   Atlanta, GA 30361

10. $7,500 for victim "Pia" of the "Sweet White Sugar" series, made payable to her counsel, "Deborah A. Bianco, in trust for Pia" at the following address:
    Attorney Deborah A. Bianco
    P.O. Box 6503
    Bellevue, WA 98008

11. $7,500 for victim "Sarah" of the "Marineland1" series, made payable to her counsel, "Carol L. Hepburn I/T/F Sarah" at the following address:
    Carol L. Hepburn I/T/F Sarah
    P.O. Box 17718
    Seattle, WA 98127

12. $5,000 for victim "Sierra" of the "Jan_Socks1" series, made payable to her counsel, "Carol L. Hepburn I/T/F Sierra" at the following address:
    Carol L. Hepburn I/T/F Sierra
    P.O. Box 17718
    Seattle, WA 98127

The Defendant agrees that the total sum of $80,500 has been transferred to his Counsel of Record, Michael Salnick, Esq., who will transfer the money to the victims as directed by the Clerk of Court and Probation.

An Amended Judgment will so reflect.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 17th day of February 2023.

/s/ Aileen M. Cannon

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:  counsel of record